### 2041. LOEB v. CITY OF ATLANTA.

RUSSELL, J.  The .circumstances were not inconsistent with the theory of innocence; and as there is no proof in the record of any sale or attempted sale of intoxicating liquors by the accused, his conviction was unauthorized, and the certiorari should have been sustained.   The fact that .upon removing, with a hammer and chisel, the window casing, ceiling, and wainscoting of the defendant's place of business, which had previously been occupied at various times by other persons, several bottles said to contain whisky were found between the two walls of the building (the defendant disclaiming ·all interest in the said property and denying any knowledge that it was in the wall) is not a circumstance conclusive of his guilt of the offense of keeping intoxicating liquors for sale.   Especially is the discovery of liquor under such circumstances not inconsistent with the theory of his innocence, when there is a lack of any direct evidence that the liquors were owned by him, or by him concealed, and when no circumstances appear which tend to

show that he was engaged in the unlawful sale of intoxicants. The quantity of liquor alone is an inconclusive circumstance. *Walker* v. *City of Dawson*, 7 *Ga. App.* 417 (66 S. E. 984).

*Judgment reversed. Powell, J., dissents.*

DECIDED JULY 25, 1910.

Certiorari; from Fulton superior court—Judge Pendleton. July 6, 1909.

*F. M. Hughes, Morris Macks*, for plaintiff in error.

*W. P. Hill, J. L. Mayson, W. D. Ellis Jr.*, contra.